# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| LORI BORDOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4125-FP-SW-RED |
| | ) |
| CITY OF SPRINGFIELD, Missouri, and | ) |
| ECONOMY INN MOTEL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1), Affidavit of Financial Status (Doc. 2), and Plaintiff's Motion (Doc. 3) to appoint counsel. It appears that Plaintiff seeks to bring a claim against the City of Springfield, Missouri, and the Economy Inn because a Springfield Police Officer issued her a summons for assault and panhandling and because an Economy Inn employee failed to return money after refusing to rent a room to Plaintiff. Upon due consideration of the financial information provided in Plaintiff's application, the Court finds that the Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1) is **GRANTED** pursuant to 28 U.S.C. § 1915(a)(1) for a limited purpose so that the Court may consider the merits of the action. After having considered the Complaint, the Court finds that this action is hereby **DISMISSED WITHOUT PREJUDICE** because the Complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), because this Court lacks jurisdiction over any cognizable claim Plaintiff may allege, and because this Court must abstain from the ongoing prosecution of the criminal summons in state court. Because Plaintiff's claim is deemed frivolous and outside the scope of this Court's jurisdiction, her request for counsel is **DENIED AS MOOT.**

*Factual Background*

In Plaintiff's Complaint, she alleges that on April 11, 2005, she went to the Economy Inn in Springfield, Missouri to pay for one weeks' stay there. Upon learning that the rates had increased, she agreed to stay for one night. She tendered a $100 bill and received change. She then alleges that another woman entered the motel and loudly and violently accused her of panhandling at a nearby mall. The accuser, who Plaintiff described as a "lunatic" blocked the door to the motel and continuously screamed at her. The Economy Inn worker then refused her a room, asking for the change back and stating that she would provide Plaintiff's $100 bill. Plaintiff alleges that Plaintiff provided the change, but that the Economy Inn worker only returned $62 to Plaintiff. Plaintiff then alleges that she had to push past the accuser to go to another motel to call the police. Plaintiff alleges that another altercation ensued with the accuser, and she once again left to another hotel to call the police.

Plaintiff then alleges that once the police officer (who Plaintiff describes in her complaint as "pure trash") arrived, he spoke familiarly with the accuser, talked to Plaintiff "as if I was trash," threatened to handcuff Plaintiff, and then wrote her a summons for common assault and for panhandling. Plaintiff speculates that if she did not say she would be present in court that she would have been handcuffed and brought to a jail "which rumor has it people are being physically assaulted and robbed in there by their workers."

*Analysis*

Under 28 U.S.C. § 1915(a)(1), a pro-se plaintiff may request that the court authorize the commencement of an action without requiring the plaintiff to pay any fees, costs, or security. However, the opportunity to proceed *in forma pauperis* is not a right, but a privilege. *See Martin-*

2

*Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Accordingly, leave to proceed *in forma pauperis* is generally denied unless the applicant satisfies two separate requirements. *See id.* First, the applicant must be sufficiently impoverished so as to qualify by "economic status" pursuant to 28 U.S.C. § 1915(a). If the applicant qualifies by economic status, the court then determines whether the applicant's complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i) (2000), fails to state a claim upon which relief may be granted, *id.* § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, *id*. § 1915(e)(2)(B)(iii), and if so, dismisses the complaint.

Under Local Rule 83.7(a)(3), the proper standard for determining poverty is whether the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. The court is afforded sound discretion when determining whether a plaintiff is sufficiently impoverished. *See Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983).

Plaintiff states that she is homeless, unemployed, and receives food stamps and Social Security Disability. Plaintiff does not list her Social Security Disability payments in her Affidavit of Financial Status, but mentions that she is on Social Security Disability in her petition to file an action *in forma pauperis*. Based on the foregoing, the Court will assume that Plaintiff has sufficiently demonstrated poverty to qualify for *in forma pauperis* status as defined in the Code and Local Rule 83.7.

However, demonstrating poverty does not end the inquiry. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action at any time if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is held to be frivolous if "it lacks an arguable basis either in

law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). "An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Taylor v. United States*, No. 4:97CV2305, 1997 WL 1008226, at *1 (E.D. Mo. Dec. 18, 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978)). When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2)(B), the Court must give the complaint liberal construction and must weigh all well-pleaded factual allegations in favor of the plaintiff. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982); *J.J. Jones Co. v. Reagan*, No. 87-0167-CV-W-9, 1987 WL 10266, at *1 (W.D. Mo. Apr. 14, 1987).

It appears that Plaintiff's claim against the Economy Inn is in the nature of a common law tort—Plaintiff alleges that the Economy Inn employee did not return the money after she refused to rent Plaintiff a room. Federal courts are courts of limited jurisdiction. Plaintiff's factual allegation related to the claim against the Economy Inn does not state any basis for this Court to hear Plaintiff's case. *See* 28 U.S.C. §§ 1331 – 1369 (setting the subject matter over which federal district courts have jurisdiction, including when the case arises under the Constitution, law, or treaties of the United States and when the matter in controversy is greater than $75,000 and is between citizens of different states).

It is unclear what Plaintiff's claim is against the City of Springfield. To the extent that Plaintiff complains that the officer called to the scene was discourteous, such a claim cannot be the basis of a civil action for deprivation of constitutional rights under § 1983. *See, e.g.*, *Lanigan v. Village of East Hazel Crest*, 913 F. Supp. 1202, 1207 (N.D. Ill. 1996) ("[T]reating a citizen discourteously or allowing uncomfortable situations to linger, though not condoned by this court,

4

are not constitutional violations."). Plaintiff has not alleged that the officer used unreasonable force, conducted an unreasonable search, or otherwise violated her constitutional rights. To the extent that Plaintiff's complaint alleges that her rights were violated because the officer threatened imprisonment in what Plaintiff believed to be an unsafe jail, Plaintiff's complaint also fails.

Finally, Plaintiff's Complaint could be read to be challenging the validity of the citations, this Court must abstain from hearing such a challenge—whether Plaintiff's challenge is simply a denial or a constitutional challenge to the citations. *See Younger v. Harris*, 401 U.S. 37 (1971) (noting that a federal court should abstain from hearing constitutional challenges to state action when (1) an ongoing state judicial proceeding exists, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges).

Any claims, read in a light most favorable to Plaintiff, are either frivolous, are outside the scope of this court's subject matter jurisdiction, or are claims upon which the Court must abstain pending the ongoing case in state court. Thus, pursuant to 28 U.S.C. § 1915, Plaintiff's Complaint will be dismissed without prejudice.

### *Request for Counsel*

Plaintiff has also filed a Motion (Doc. 3) requesting that counsel be appointed in her case. Indigent civil defendants do not have a statutory or constitutional right to counsel; yet, once a *pro se* plaintiff demonstrates that her claim is not frivolous, a court may appoint counsel if the court determines that counsel would be necessary for a plaintiff to effectively litigate her claim. *Edgington v. Mo. Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995). In this case, because the Court has concluded that Plaintiff has not demonstrated that her claim is nonfrivolous or one over which the Court has jurisdiction, her request for counsel will be denied as moot.

*Conclusion*

**It is therefore ORDERED AND ADJUDGED that**:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) and Affidavit of Financial Status requesting that Plaintiff be permitted to proceed *in forma pauperis* is hereby **GRANTED**.

2. The Clerk is directed to receive and file Plaintiff's Complaint and the accompanying exhibits without prepayment of the required filing fee.

3. Plaintiff's Civil Complaint is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted and for failure to allege sufficient facts establishing that this Court would have jurisdiction over the action.

4. Plaintiff's Motion (Doc. 3) for appointment of counsel is **DENIED AS MOOT.**

5. The Clerk is directed to mail a copy of this Order to Plaintiff by regular mail at the following address:

    Lori Bordock
    General Delivery
    Branson, MO 65616

**IT IS SO ORDERED.**

DATE:   June 3, 2005            */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT